

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

DANIEL VILARCHAO, §
    Petitioner, §
§
vs. § CIVIL ACTION NO. 5:18-01291-MGL
§
WARDEN JOYNER, §
    Respondent. §

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING WITHOUT PREJUDICE
PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

This case was filed as a petition for writ of habeas corpus (Petition) under 28 U.S.C. § 2241. Petitioner Daniel Vilarchao (Vilarchao) is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondent's motion for summary judgment be granted and Vilarchao's Petition be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on November 20, 2018, ECF No. 24, and the Clerk of Court entered Vilarchao's objections to the Report on December 10, 2018, ECF No. 26. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

The Magistrate Judge recommended Vilarchao failed to exhaust his administrative remedies, and on that basis, suggested Respondent's motion for summary judgment be granted and Vilarchao's Petition be denied. In case this Court disagreed with the suggestion regarding exhaustion of administrative remedies, the Magistrate Judge thoroughly analyzed Vilarchao's due process arguments. The Magistrate Judge also recommended Respondent's motion for summary judgment be granted and Vilarchao's Petition be denied because Vilarchao received due process.

Although Vilarchao raises several objections to the due process portion of the Report, he fails to raise any objection to the analysis regarding exhaustion of administrative remedies. Having reviewed the Report, the record, and the applicable law, the Court agrees with the Magistrate Judge Vilarchao failed to exhaust his administrative remedies. Thus, Respondent's motion for summary judgment is due to be granted and Vilarchao's Petition is due to be

dismissed without prejudice. Because non-exhaustion of administrative remedies is sufficient to decide the issue before the Court, the Court declines to reach Vilarchao's remaining arguments. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*."). For those reasons, the Court will overrule Vilarchao's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Vilarchao's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court Respondent's motion for summary judgment is **GRANTED to the extent** Vilarchao's Petition is **DISMISSED WITHOUT PREJUDICE** based on his failure to exhaust his administrative remedies.

To the extent Vilarchao requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 23rd day of January, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure